MONTELIUS & FULLER *vs.* CLOMAN & HARRELL.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CARROLL, JUDGE DAVIS PRESIDING.

Where the defendant denies that the note sued on was signed by him, or any one authorized to sign for him, proof of his acknowledgments or admissions are admissible to charge him as the maker of the note.

But where the party expressly alleges that his signature has been forged, evidence of his acknowledgments or admissions that the signature was genuine, is insufficient.

WESTERN DIST.
October, 1840.

MONTELIUS &
FULLER
vs.
CLOMAN & HAR-
RELL.

The defendant denied that the note was signed by himself, or the firm of which he was a member, and two witnesses testified that he admitted the note to be genuine, and that it was for a partnership transaction; there was judgment against him on the evidence.

This is an action against the defendants as makers of a promissory note. The note sued on is dated at Moscow, (Tennessee,) February 16th, 1837, and payable twelve months after date, to the order of the plaintiffs, for one thousand and twenty-eight dollars and seventy-six cents, and signed *Cloman & Harrell.*

Cloman was a resident of the parish where suit was brought, and Harrell an absentee, to whom a curator *ad hoc* was appointed.

L. Selby Esq., who was appointed to defend the absentee, answered and pleaded a general denial; and denied specially, that neither Cloman or Harrell signed the note sued on; or that there was any such firm as Cloman & Harrell; or that the plaintiffs show any cause of action. *Cloman* denies generally, and avers that the note is joint, and he is not bound to answer until Harrell is properly before the court; that Harrell is not amenable to this court, because it is not shown that he has any property in the parish or state, and that the plaintiffs do not compose the firm in whose name they sue, and that no such firm as the defendants ever existed. That the note was not signed by him, or any person for him having authority to bind him. That he never received any consideration for said note. It was proved that the note had been presented to Cloman, and he did not deny that it was genuine, but stated it was for a partnership, and the partner in Tennessee was liable to pay it. Another witness says, he offered Cloman time to pay the note, but he would not agree to pay it within the time proposed, nor agree to the arrangement offered him. The attorney for plaintiffs offered himself as a witness. He stated that he offered to give an extension of time if he (Cloman) would give security, but he answered he would not be able to meet the terms offered, without distressing himself, but he offered to secure the note, or give a new

WESTERN DIST.
*October*, 1840.

MONTELIUS &
FULLER
*vs.*
CLOMAN & HAR-
RELL.

one allowing the interest required of him, at one, two and three years, &c. Cloman stated, that him and Harrell had been in partnership, and had kept a store and sold goods. That his partner had injured him very much by his conduct; he expected to have to pay a large amount on account of this partnership and the misconduct of his partner. Testimony of the attorney objected to. 1. That the testimony disclosed a proposed compromise, and that what was said about it, was not admissible. 2. That the attorney was interested in the suit, as he expected to receive a compensation, in commissions if he collected the money. Evidence waived and excepted to.

The court, however, upon hearing all the evidence, gave a judgment of non-suit against the plaintiffs, and they appealed.

*Stacy*, for the plaintiffs :

1. The defendants have both admitted their signatures to the note sued on, as they have not denied it in the manner pointed out by law. *Code of Practice, articles 323–24 and 25; Acts of* 1825, *p.* 204; *Louisiana Code, article* 2241 ; 2 *Louisiana Reports,* 344.

2. The defendants have admitted (because they have in no manner denied) the signatures, and conseqently the liability of the firm of Cloman & Harrell, which is sued. They are liable. *Code of Practice,* 324. But if an affidavit to the denial was not necessary, still the denial should have been *formally* disavowed by the defendants, that is, under their personal signatures. *Louisiana Code,* 2240; when this formal denial is not made, any other legal evidence may be introduced to support plaintiffs' demand. 3 *Martin,* 359.

3. All the testimony introduced on the trial was derived from Cloman. He was not surprised by its introduction. That testimony establishes the admission of Cloman of the partnership; the execution of the note, by the partnership, or its genuineness. No compromise was ever offered or pretended.

*Selby*, contra, insisted, that it was shown by the witnesses that Cloman did not sign the note, and both defendants deny

WESTERN DIST.
October, 1840.

MONTELIUS &
FULLER
vs.
CLOMAN & HAR-
RELL.

their signature as it appears to the note.    Cloman did not acknowledge the note or debt, but is said to have "classed it among the liabilities of the partnership."    This it is not pretended would bind Harrell, the other defendant.

2. All the declarations of Cloman were made in the presence of the witnesses, without seeing the note, which is the weakest of all testimony.    As soon as he saw the note and examined it, he at once discovered that neither he or Harrell had signed it.    He disavowed the signatures, but as Harrell had never been in the country, he made no attempt to *disprove* his signature.    See *Louisiana Code*, 2241.    *Code Practice*, 325.

3. As both defendants denied their signatures, it devolved on the plaintiffs to prove them by witnesses.    Proof by acknowledgements was inadmissible, but the acknowledgement of Cloman, even if legal evidence, is not sufficient to charge him, or dispense with absolute proof of the signatures. *Code of Practice, articles 325–6.*

4. This case has some substantial features of that of *Plicque* & *Lebeau* vs. *La Branche*, 9 *Louisiana Reports*, 559, and the defendants rely on the general doctrine there laid down.    In that case, the plaintiffs "proved the defendant acknowledged his signature on the back of the note was genuine."    Here, the defendant Cloman only "classed the note among the liabilities of the partnership."    *There*, it is reasonable to presume the defendant saw the signature and examined it before he acknowledged it.    *Here*, the defendant Cloman, had not seen the note, when he made the only acknowledgement in the case.    He ought not to be made liable on this evidence.

*Bullard J.*, delivered the opinion of the court.

This is an action upon a note purporting to be signed by the commercial firm of Cloman & Harrell, against each of the partners since its dissolution.    Cloman was personally served, and Harrell is represented by a curator *ad hoc*.    The curator of Harrell denied that the note was signed either by him or by Cloman ; he denied the partnership, and avers that

WESTERN DIST.
October, 1840.

MONTELIUS    &
FULLER
vs.
CLOMAN & HAR-
RELL.

the plaintiff has not shown any cause of action, or that Harrell is amenable to the jurisdiction of the court.

Cloman answered that the note was a joint one, and he was not bound to answer until Harrell was regularly made a party. He denies that the plaintiffs compose the firm of Montelius & Fuller. He alleges there never was such a firm as Cloman & Harrell composed of the defendants. He says, that the note sued on, was not signed or executed by the respondent, nor by any person having authority to bind him, and that he never received any consideration therefor.

There was judgment of non-suit, and the plaintiffs appealed

With respect to the defendant Harrell, the judgment is clearly right, and must be affirmed.

The evidence to charge Cloman, is before us, and a careful examination of it and of the authority relied on by the appellants, has satisfied us that the court erred.

Admitting that the answer of the defendant Cloman, amounts to such a formal denial of his signature and that of the firm, as is contemplated by law, in order to require proof of the signature, it does not follow, as was supposed by the defendants' counsel, that in such a case as this, the proof by acknowledgements or admissions of the party was inadmissible. It is true we held in the case of *Plicque & Le Beau* vs. *La Branche, 9 Louisiana Reports, 559;* that when the defendant alleges that his signature had been forged, evidence of his acknowledgements or admissions that the signature was genuine was insufficient. But the case now before us is different, and is governed by different principles. Two witnesses testify that the defendant Cloman admitted the note to be genuine, and that it was a partnership transaction, and that he was liable to pay the money.

The judgment of the District Court is, therefore, affirmed, as it relates to the defendant Harrell, with costs; and as it relates to the defendant Cloman, it is avoided and reversed; and it is further adjudged and decreed, that the plaintiffs recover of him the sum of one thousand and twenty-eight

Where the defendant denies that the note sued on was signed by him or any one authorized to sign for him, proof by acknowledgements or admissions, is not inadmissible to charge him as the maker of the note.

But where the party expressly alleges that his signature has been forged, evidence of his acknowledgements or admissions that the signature was genuine is insufficient.

The defendant denied that the note was signed by himself, or the firm of which he was a member, and two witnesses testified that he admitted the note to be genuine, and that it was for a partnership transaction, and there was judgment against him.

dollars and ninety-six cents, with interest at five per cent. from the 10th day of April, 1839, and costs in both courts,